IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ERRICK M. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-988-GMS |
| | ) | |
| EARLY WARNING SYSTEMS INC. | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM

## I. INTRODUCTION

Plaintiff, Errick M. Wright ("Wright"), filed this pro se action against defendants Chex

Systems, Inc., Early Warning Systems, Inc., ESK Financial, Inc., Fidelity Brokerage Services

LLC ("Fidelity"), Lancaster Collections, and Midland Credit Management, Inc.[1] Wright alleges

that the defendants violated the Fair Credit Reporting Act, the Fair Debt Collections Practices

Act, and the Delaware Uniform Deceptive Trade Practices Act by inaccurately reporting his

alleged debts. (D.I. 6 at 2-3.) Wright claims that defendants are inflicting emotional and

financial distress upon him through their intentional and malicious conduct, and seeks injunctive

relief and damages. (*Id.* at 1, 9-12.)

Defendant, Fidelity, contends that this action includes claims arising out of Wright's

brokerage account, which included an agreement that all disputes arising out of it would be

subject to arbitration. (D.I. 24 at 4, 6.) Presently before the court is Fidelity's motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (D.I. 23).

## II. BACKGROUND

---

[1] The only remaining defendants are ESK Financial and Fidelity. (*See* D.I. 7, 21, 32 and 35.)

Wright makes broad and vague allegations in his complaint against Fidelity. He alleges that the defendants violated the Fair Credit Reporting Act, the Fair Debt Collections Practices Act, and the Delaware Uniform Deceptive Trade Practices Act when they inaccurately reported his debts on September 15, 2010. (D.I. 6 at 2-3, 6.) By doing so, Wright claims that the defendants have inflicted emotional and financial distress upon him through their intentional and malicious conduct. (*Id.* at 1.)

On December 7, 2007, Wright completed an online application to open a brokerage account with Fidelity. (D.I. 24, Ex. A at 5.) The application required the applicant to certify that he or she had read and understood the terms of the Customer Agreement and agreed to be bound by them. (*Id.*) Immediately above the button indicating "I Agree" to the terms of the Customer Agreement, the application emphasized, "This account is covered by a predispute arbitration clause which is located on the last page of the customer agreement and which is accessible by clicking on the preceding underlined link. I acknowledge receipt of the predispute arbitration clause." (*Id.*)

The Pre-Dispute Arbitration Clause contained in the Customer Agreement provided, in relevant part:

> This agreement contains a pre-dispute arbitration clause. Under this clause, which you agree to when you sign your account application, you and Fidelity agree as follows:
>
> A. All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.
>
> ....
>
> All controversies that may arise between you and Fidelity (including, but not limited to, controversies concerning any account, order, or transaction, or the continuation, performance,

interpretation, or breach of this or any other agreement between you and us, whether entered into or arising before, on, or after the date this account is opened) shall be determined by arbitration in accordance with the rules then prevailing of the New York Stock Exchange, Inc., or the NASDQ, Inc., as you may designate.

(D.I. 24, Ex. B at 11.)

## III. PARTIES CONTENTIONS

Wright seeks to enjoin the defendants, including Fidelity, from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt Collections Practices Act, and the Delaware Uniform Deceptive Trade Practices Act. (D.I. 2 at 1.) He claims that the defendants have, through intentional and malicious conduct, caused him emotional and financial distress. (*Id.*)

Fidelity argues that Wright's claims do not belong in this court because he agreed when he opened it that all disputes arising out of the brokerage account were subject to arbitration.[2] (D.I. 24 at 6.) Fidelity contends that Wright expressly acknowledged his agreement to be bound by the Customer Agreement when he submitted his online application to open the account. (*Id.*) Fidelity maintains that the Pre-Dispute Arbitration Clause prevents the court from exercising subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (*Id.*) Fidelity therefore filed the present motion to compel arbitration and to dismiss the complaint, or in the alternative, to stay proceedings pending the outcome of the arbitration. (*Id.*)

Wright is unopposed to a stay of proceedings pending arbitration, provided it is at the sole expense of Fidelity. (D.I. 25 at 1.) Fidelity argues that the arbitration agreement is a matter of private contract and any dispute over the apportionment of fees should be governed by the contract and the relevant arbitration procedures. (D.I. 27 at 1.)

---

[2] The other remaining defendant, ESK Financial, is not a party to the arbitration agreement between Fidelity and Wright. Further, there is no indication that a separate arbitration agreement governs the dispute between ESK Financial and Wright.

## IV. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of a plaintiff's complaint. The plaintiff bears the burden to prove that jurisdiction does in fact exist. *Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n., Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). Under Fed. R. Civ. P. 12(b)(1). The jurisdiction of the court may be challenged either facially or factually. *Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge is based on the legal sufficiency of the claim while a factual challenge is based on the sufficiency of jurisdictional facts. *Id.* . Therefore, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims for itself. *Id.* A motion to dismiss on the grounds that the dispute is governed by the Federal Arbitration Act ("FAA") is a factual challenge. *Gonzalez v. CitiGroup*, 2009 WL 2340678, at *1 n.1 (D.Del. 2009).

As such, in a factual challenge, the court is not restricted to the claims set forth in the complaint but may consider "affidavits, depositions, and testimony" to determine whether jurisdiction is proper. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Thus, the plaintiff's allegations are not presumed to be true and the court can evaluate for itself the merits of the jurisdictional claims. *Mortensen*, 549 F.2d at 891.

## V. DISCUSSION

Arbitration disputes are governed by the FAA. 9 U.S.C. §§ 1-16 (2011). When determining whether or not to grant a motion to compel arbitration, a court must resolve "(1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within

4

the scope of that agreement." *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005).

If a valid and enforceable agreement to arbitrate governs the dispute, the court lacks jurisdiction. *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 179 (3d Cir. 1999). Courts apply a "strong presumption" in favor of arbitration and resolve any doubts concerning the scope of arbitrable issues in favor of arbitration. *Gay v. CreditInform*, 511 F.3d 369, 387 (3d Cir. 2007). A court will only prohibit the enforceability of an agreement to arbitrate if there is "a showing of fraud, duress, mistake" or some other compelling ground to invalidate a contract. *Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175, 184 (3d Cir. 1998). If there is a valid and enforceable arbitration clause, an order to arbitrate should be issued "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

A. A Valid Agreement To Arbitrate Exists

The court finds that there was a valid agreement to arbitrate. The Consumer Agreement that Wright agreed to on December 7, 2007, constituted a valid contract that requires him and Fidelity to submit these claims to arbitration. When determining whether parties contractually agreed to arbitrate, courts look to ordinary principles of state contract law. *Wells v. Merit Life Ins. Co.*, 671 F. Supp. 2d 570, 573 (D.Del. 2009). Thus, an agreement to arbitrate is valid and enforceable if the parties unambiguously express their intention to be bound by its terms. *Id.* at 574. Courts will uphold an agreement to arbitrate even if one party had superior bargaining power. *Id.* at 573.

Here, the agreement to arbitrate is valid and enforceable since the parties unambiguously expressed their intention to be bound by its terms. Wright submitted the electronic application

5

which was a manifestation of his unambiguous intent to be bound by the terms of the Pre-Dispute Arbitration Clause. When Wright chose to "Agree to Terms," he clicked "I Agree" thereby stating that he had read and agreed to the terms and conditions set forth in the application, including the arbitration agreement. (D.I. 24, Ex. A at 4-5.) The arbitration clause mandated that all controversies related to the account would be resolved through arbitration. (D.I. 24, Ex. B at 11.) Thus, the parties entered into a valid agreement requiring them to arbitrate their claims in accordance with the Pre-Dispute Arbitration Clause.

B. This Particular Dispute Falls Within The Scope Of The Agreement To Arbitrate

The Pre-Dispute Arbitration Clause applies to the claims at issue here. Where an arbitration clause is broadly worded, and there is no "express provision excluding a particular grievance from arbitration . . . [then] only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *AT&T*, 475 U.S. at 650 (citation omitted).

Here, the arbitration clause includes the terms "[a]ll controversies" and "not limited to." (D.I. 24, Ex. B at 11.) Since this arbitration clause is broadly worded, and does not expressly exclude a particular grievance from its scope, it governs this dispute. Although Wright's allegations are broad, they are all related to his Fidelity account. The arbitration clause expressly covers controversies concerning any account or transaction. (D.I. 24, Ex. B at 11.) Thus, Wright's claims concerning his account fall within the scope of the agreement to arbitrate, and the court lacks jurisdiction over these claims. *Harris*, 183 F.3d at 179.

**VI. CONCLUSION**

For the reasons stated above, Fidelity's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is granted.

Dated: February 22, 2012

CHIEF, UNITED STATES DISTRICT JUDGE

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ERRICK M. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-988-GMS |
| | ) | |
| EARLY WARNING SYSTEMS INC. | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

For the reasons stated in the accompanying memorandum of the same date, and herein, IT

IS HEREBY ORDERED that:

1. Fidelity's Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter (D.I. 23) is

   GRANTED;

2. ESK Financial Inc. remains a defendant in this case;

3. Wright's Motion to Strike (D.I. 30) is DISMISSED as moot, since the court has since

   ordered ESK Financial to obtain counsel (D.I. 34);

4. Wright's Motion to Challenge Authority of Attorney to Appear for Defendant ESK

   Financial (D.I. 37) is DENIED[1];

5. Wright's Request for Default Judgment as to ESK Financial Inc. (D.I. 26) is DENIED[2];

6. Wright's Letter/Motion to Amend Amended Complaint to correct a Defendant's name

---

[1] In his motion, Wright states that he does not believe that Edward Fornias, counsel for ESK Financial, is admitted to the Federal Bar. However, in response (D.I. 39), Mr. Fornias, as an officer of the court, states and avers that he is licensed to practice before the United States District Court for the District of Delaware. Since Wright offers no evidence to the contrary, the court will accept Mr. Fornias's statement as true.

[2] ESK Financial timely answered Wright's Amended Complaint (D.I. 9) and has complied with the court's order to obtain counsel. Therefore, default judgment is not appropriate.

(D.I. 18) is DISMISSED as moot[3]; and

7.  ESK Financial's Motion for Sanctions (D.I. 38) is DENIED[4].


Dated: February _22_, 2012

CHIEF, UNITED STATES DISTRICT JUDGE

---

[3] Wright seeks leave to amend the Complaint to correct defendant Early Warning System's name. However, Wright voluntarily dismissed that defendant (D.I. 35).

[4] ESK Financial claims that Wright asserted his belief that its counsel is not admitted to the Federal Bar without making a reasonable inquiry into the truthfulness of that statement, and for the sole purpose of harassing the defendant and causing unnecessary delay and increase in costs. The court finds no evidence to support ESK Financial's contention, and declines to impose a $250.00 sanction on the *pro se* plaintiff.